ALBERT BOWEN ET AL., APPELLEES, v. M. A. SELBY: PLEASANT W. BROWN ET AL., APPELLANTS.

FILED MAY 6, 1921. No. 21776.

1. **Landlord and Tenant: MORTGAGE OF LEASEHOLD: RIGHTS OF MORTGAGEE.** A mortgagee of a leasehold interest in land takes his mortgage charged with notice of all the covenants and conditions of the lease and the provisions for forfeiture, in case of nonpayment of rent.

2. ———: ———: ———. The mortgage interest is only coextensive with the leasehold interest, and the mortgage interest falls with a termination of the lease.

3. ———: ———: FORFEITURE OF LEASE. Where the lease provides for forfeiture for nonpayment of rent, the default in payment of rent is as much the default of the mortgagee as that of the tenant, and where the landlord, during the period of default which had continued for nine months, elects to forfeit and does so, and retakes possession, *held*, that the lease was terminated and the mortgage interest, so far as it concerned the remainder of the term, was destroyed.

APPEAL from the district court for Dundy county: HARRY S. DUNGAN, JUDGE. *Reversed and dismissed.*

*James & Danley,* for appellants.

*L. F. Anderson, J. H. Broady* and *Charles T. Jenkins,* contra.

FLANSBURG, J.

Action by plaintiffs to foreclose a mortgage on a lease. The lower court decreed foreclosure, and from this decree the defendants appeal.

Defendants are the owners of certain ranch and pasture land, and executed a written lease thereon to one Selby for a term, beginning March 1, 1917, and ending February 28, 1922. Rent of $500 a year was payable on the 1st day of January of each year thereafter during the period of the lease. The rent payable on January 1, 1919, was not paid when due. Under the statute (Rev. St. 1913, sec. 8467), Selby then became a tenant holding over his term. The written lease, furthermore, contained a stipulation that, in the event Selby should fail to pay his rent when due, the defendants, lessors, might "at any time (at their) election either distrain for said rent due, or declare this lease at an end and recover possession as if the same was held by forcible detainer; the said * * * (Selby) hereby waiving any notice of such election or any demand for the possession of the said premises."

While thus in default, Selby executed the mortgage to plaintiffs covering his leasehold interest in the land. This mortgage was made and delivered to the plaintiffs on June 28, 1919. The defendants testified that on February

27, 1919, they had given written notice to Selby, declaring that, by reason of his failure to pay rent, they declared the lease forfeited. Selby, however, was not immediately ousted from the premises, and the plaintiffs claim that the testimony of the defendants, with regard to the giving of such written notice, is discredited, and it may have been that the trial court so found. However that may be, it appears that the defendants, in September, 1919, forced Selby off the land by reason of his default, and took possession. This they undoubtedly had the legal right to do, the payment of rent being still in default. At this time the defendants purchased from Selby certain stock and personal property that he had on the place, and, in that transaction, the rent due defendants no doubt must have been accounted for and Selby credited with payment.

The lower court held that, by the settlement and the credit of the payment of rent, the forfeiture of the lease was necessarily waived by the defendants, and that the lease, thus reinstated, inured to the benefit of the mortgagee. There is nothing in the record, however, to show that the forfeiture of the lease was waived. On the other hand, the proof to the contrary is clear. Nor does it appear that the defendants were at that time on any ground estopped from insisting upon a forfeiture as against Selby. Though the defendants may, in their settlement, in which they purchased the personal property of Selby, have credited him, and deducted from the amount of their settlement, the $500 rent due, and which at that time had been in default for nine months, still it appears that the defendants were at that time demanding possession of the premises and a forfeiture of the term, and that the rent paid in no manner covered any period of time under the lease which had not, at that time, already elapsed.

That the owners had a right to insist upon a forfeiture, and at the same time collect for the rent which was owing them for past years under the lease, has been decided in *O'Connor v. Timmermann,* 85 Neb. 422, where, under

similar circumstances, this court said (p. 424) : "It is further contended that the acceptance of payment of rent after September 1, 1906, constituted a waiver of forfeiture. This cannot be so. The unpaid rent constituted a debt owing from the tenant to the landlord, and the acceptance of money owing upon this debt, in the absence of any agreement or conditions whereby the landlord agreed to waive the forfeiture and reinstate the tenancy, could not affect his right to recover possession."

When the plaintiffs acquired their mortgage on the leasehold interest of Selby, they did so, charged with notice of the covenants of the lease, and the provisions for forfeiture in case of the nonpayment of rent. *Maxwell v. Urban,* 22 Tex. Civ. App. 565; *Barroilhet v. Battelle,* 7 Cal. 450; *Boltinghouse v. Arnold,* 174 N. W. (Ia.) 563; 24 Cyc. 982, 987.

It was their duty, as much as that of Selby, to see that those covenants were complied with and that the lease be saved from forfeiture. Yet they never communicated with the owner, and, during the entire period of default, made no effort to discover the default, nor to require that past-due rent be paid. The mortgagee of the leasehold interest takes his mortgage subject to all the covenants and conditions of the lease, and the mortgage is only co-extensive with the term of the lease. The mortgage interest falls with a termination of the leasehold interest. 24 Cyc. 987.

In a case very similar to the case at bar, *Abrahams v. Tappe,* 60 Md. 317, the court held that, where, under like provisions in a lease, the landlord elects to forfeit the lease for the nonpayment of rent, the mortgage interest terminates. The court said (p. 322) : "When Caroline Tappe became the assignee of the leasehold interest by virtue of its conveyance to her in the deed of mortgage, she took it subject to all the conditions and covenants of the lease to George Feller. Her failure to pay the rent and to keep the taxes paid up, was equally a default in her as in the original lessee. It was, as we have seen, ex-

pressly stipulated in the lease, that if the rent should be suffered to fall in arrear for one year, the lessor or his assigns might reenter upon the premises and hold the same as if the lease had never been made.

"The rent having been allowed to remain unpaid for more than one year, and Mrs. Abrahams having by reason of that default, and in the assertion of her rights as landlord, secured an actual and peaceable repossession of the premises, which in fact she found deserted, the lease became absolutely forfeited, and the mortgage, so far as it affected the premises, fell with it."

It is our opinion, therefore, that the repossession by defendants of the property, under the provisions of the lease, allowing them to forfeit and take possession by reason of the default in payment of rent, terminated the mortgage interest of the plaintiffs and left them with no interest to foreclose.

The decree of foreclosure is therefore set aside and the case reversed and dismissed.

REVERSED AND DISMISSED.