FRANK CONNEALY, APPELLEE, V. ROGER MUELLER, APPELLANT.

319 N.W.2d 86

Filed May 7, 1982. No. 44058.

R. Steven Geshell of Robak & Geshell, for appellant.

Noyes W. Rogers of Albert, Leininger & Grant, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

The defendant, Roger Mueller, as lessee, and

Kermit Wagner, as lessor, entered into a lease of farmland on April 24, 1979. The lease involved a quarter section of land that had been owned by the defendant.

In 1978, pursuant to a decree of foreclosure in the United States District Court for Nebraska, the land was to be sold to satisfy the liens against it. To prevent the sale, and in order to give the defendant an opportunity to save the land, Wagner paid off the liens and took a deed to the property from the defendant.

The lease provided for cash rent and contained an option for the defendant to purchase the land on March 1, 1982, for $125,500, the amount Wagner had paid to discharge the liens. The lease contained a covenant against subletting without the written consent of the lessor and authorized the lessor to terminate the lease for breach of any covenant or condition.

Sometime prior to December 12, 1979, Wagner learned that the defendant had subleased the property and received some information to the effect that the defendant had offered the property for sale. Wagner then terminated the lease to the defendant.

This action was commenced on January 30, 1980, by an assignee of Wagner to declare the lease terminated and to quiet title to the land in Wagner. On December 18, 1980, the trial court found that the lease was terminated and quieted title to the land in Wagner or his assignees. The defendant has appealed.

The defendant makes two contentions: the plaintiff was not entitled to equitable relief because the legal remedy was adequate, and the lessor waived the breach when he accepted a rent payment on February 14, 1980.

In Nebraska an action to quiet title to real estate is statutory. Neb. Rev. Stat. § 25-21,112 (Reissue 1979) provides: "An action may be brought and prose-

cuted to final decree, judgment or order, by any person or persons, whether in actual possession or not, claiming title to, or an estate in real estate against any person or persons who claim, or apparently have an adverse estate or interest therein, for the purpose of determining such estate, or interest, canceling unenforceable liens, or claims against, or which appear to be against said real estate, and quieting the title to real estate."

As noted in 65 Am. Jur. 2d *Quieting Title* § 4 at 144 (1972), such statutes were enacted to enlarge the jurisdiction of the courts, and generally permit actions to be brought to determine any adverse claim, interest, or estate in lands. An action may be brought under the statute which, by the strict rules of equity, could not have been maintained. An allegation that the legal remedy is adequate is not a defense to an action to quiet title brought under the statute.

The termination here was not for nonpayment of the rent, and the rental payment which the lessor accepted on February 14, 1980, was rent which had accrued under the lease and was due and owing even though the lease had been terminated. The unpaid rent was a debt and, in the absence of an agreement to reinstate the tenancy, acceptance of the money did not waive the forfeiture. *O'Connor v. Timmermann,* 85 Neb. 422, 123 N.W. 443 (1909). The owner may claim the forfeiture and at the same time collect past due rent. *Bowen v. Selby,* 106 Neb. 166, 183 N.W. 93 (1921).

The general rule is that acceptance of rent, which accrued prior to the breach of the lease, after the breach has occurred is not a waiver of the breach. 49 Am. Jur. 2d *Landlord and Tenant* § 1070 at 1034 (1970); Annot., 109 A.L.R. 1267 (1937). The cases upon which the defendant relies involve the acceptance of rent or other payments which accrued subsequent to the breach.

There being no error, the judgment of the District Court is affirmed.

AFFIRMED.