[No. B083683. Second Dist., Div. Four. Mar. 4, 1996.]

JUAN AGUILERA, Plaintiff and Appellant, v.
HENRY SOSS & CO., Defendant and Respondent.

COUNSEL

Effres & Bryman, Steven B. Effres and Debra Fischl for Plaintiff and Appellant.

Schaffer & Lax, Courtney C. McNicholas and Suzanne R. Feffer for Defendant and Respondent.

OPINION

VOGEL (C. S.), P. J.—

### INTRODUCTION

Plaintiff Juan Aguilera sued his employer Henry Soss & Co. for injuries sustained while working on a power press. Because plaintiff was injured during the course and scope of his employment, he is limited to the remedies provided by the workers' compensation system unless he can place himself within a recognized exception to that system's exclusivity provisions. Plaintiff relies upon the exception found in Labor Code section 4558[1] which, in pertinent part, permits a worker to sue his employer when injured by a power press being operated without a point of operation guard if the power press was designed and manufactured to include a point of operation guard and the

---

[1] All statutory references are to the Labor Code.

employer either removed or failed to install as specified the point of operation guard. The trial court granted defendant's motion for summary judgment, finding there was no basis for liability under section 4558. We affirm.

### Factual and Procedural Background

In pertinent part, plaintiff's complaint alleged: "Plaintiff's employer Henry Soss & Co. and Does 1 through 100, Inclusive, allowed Plaintiff to operate a Power Punch Press with knowledge of the removal of, or knowledge of the failure to install a point of operation guard on said power punch press and this removal or failure to install was authorized by Defendant employer in that Defendant employer had knowledge of Plaintiff's operation of said power punch press and allowed Plaintiff's continual operation of said power punch press with knowledge of the probability of serious injury or death occurring to Plaintiff and in fact such serious injury did occur. [¶] The manufacturer of said power punch press designed, installed, required or otherwise provided for the attachment of the guard and conveyed knowledge of this design, installation, requirement or provision to Henry Soss & Co. and Does 1 to 100, Inclusive."[2]

Defendant's summary judgment motion established the following. The punch press was manufactured in 1967 in Japan by the Shinohara Engineering Company, Ltd. (Shinohara).[3] Shinohara did not design the press for attachment of a point of operation guard, defined as "a safeguarding apparatus designed for the purpose of keeping hands of workers outside the point of operation whenever die is capable of descending." When Shinohara sold the subject press to Franklyn Briles Manufacturing Company (Briles) in 1967, point of operation guards were merely optional equipment. Shinohara did not provide a point of operation guard and Briles did not order a point of operation guard. Shinohara's "Operation Manual" and "Operation Guide" included *no* reference(s) to the installation or use of a point of operation guard.

Defendant purchased the punch press in 1988. Defendant did not receive any instruction from Shinohara directing installation of a point of operation guard.

Plaintiff was injured in October 1989.

---

[2]Plaintiff alleged two causes of action against his employer: negligence and "violation of Labor Code § 4558 (b)." Pleading two theories of relief adds nothing to plaintiff's complaint. Regardless of the theory, plaintiff must still plead and prove the predicate facts to an exception to the exclusivity provisions of the workers' compensation system.

[3]Plaintiff also sued Shinohara but has since settled with it.

Based upon the above facts, defendant contended that it was entitled to judgment as a matter of law because it had negated an essential element of plaintiff's case—that the punch press had been designed and manufactured with a point of operation guard and that defendant had either removed or failed to install said safety device.

Plaintiff's opposition to the summary judgment motion focused on the fact that the punch press was equipped with dual palm buttons. When the dual palm buttons are operative, the press will *not* operate unless the operator has one hand on each button. That is, if the operator removes one or both hands from the button(s), the machine stops. At the time the accident occurred, one of defendant's employees had placed the punch press on continuous operation which meant that the press would continue to operate even if the operator removed one or both hands from the dual palm buttons. When operated in that mode, the only way to stop the machine is to press down on a stop button. Plaintiff's declaration alleged he was injured because when "[his] hand became stuck in the power press, [he] was unable to reach the stop button to turn off the machine."

Defendant's reply pointed out that Shinohara designed and manufactured the press so that use of the dual palm buttons could be bypassed. The press could be run manually in either the jog or single cycle; in either instance, the machine would not function unless the employee's hands were on the dual palm buttons. Alternatively, the press could be run automatically in the continuous cycle. Running the machine automatically through use of the continuous cycle resulted in a bypass of the dual palm buttons. That is, the machine would automatically continue to function even if the employee was *not* pressing down on the dual palm buttons.

The trial court ruled: "Motion for summary judgment is granted on the ground that plaintiff's action against moving party is barred by the exclusive remedy provisions of workers' comp. Plaintiff has failed to produce evidence . . . Labor Code section 4558 is applicable. Plaintiff fails to show that moving party was instructed by the manufacturer either not to operate the machine on the continuous cycle or not to operate on the continuous cycle absent the use of some other type of guard, sin[c]e the dual palm buttons were inoperable on the continuous cycle." This plaintiff's appeal followed.

## DISCUSSION

■ "Appellate review of summary judgment is limited to the facts contained in the documents presented to the trial court. This court exercises

its independent judgment as to the legal effect of the undisputed facts disclosed by the parties' papers. [Citations.] In so doing, we apply the same three-step analysis required of the trial court: We first identify the issues framed by the pleadings, since it is these allegations to which the motion must respond. Secondly, we determine whether the moving party has established facts which negate the opponent['s] claim and justify a judgment in the movant's favor. Finally, if the summary judgment motion prima facie justifies a judgment, we determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citation.]" (*Torres* v. *Reardon* (1992) 3 Cal.App.4th 831, 836 [5 Cal.Rptr.2d 52]; Code Civ. Proc., § 437c, subd. (o).)

Plaintiff's complaint squarely raised the allegation that defendant's liability was predicated upon section 4558, subdivision (b). That statute provides, in pertinent part: "An employee . . . may bring an action at law for damages against the employer where the employee's injury . . . is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death." Subdivision (c) further provides: "*No liability shall arise under this section absent proof that the manufacturer* designed, installed, required or otherwise *provided by specification for the attachment of the guards and conveyed knowledge of the same to the employer.*" (Italics added.)

"The obvious legislative intent and purpose in section 4558 is to protect workers from employers who wilfully remove or fail to install appropriate guards on large power tools. Many of these power tools are run by large mechanical motors or hydraulically. [Citation.] These sorts of machines are difficult to stop while they are in their sequence of operation. Without guards, workers are susceptible to extremely serious injuries. For this reason, the Legislature passed section 4558, subdivision (b), which subjects employers to legal liability for removing guards from powerful machinery where the manufacturer has designed the machine to have a protective guard while in operation." (*Ceja* v. *J. R. Wood, Inc.* (1987) 196 Cal.App.3d 1372, 1377 [242 Cal.Rptr. 531]; see also *Flowmaster, Inc.* v. *Superior Court* (1993) 16 Cal.App.4th 1019, 1031, fn. 7 [20 Cal.Rptr.2d 666], and *Graham* v. *Hopkins* (1993) 13 Cal.App.4th 1483, 1490 [17 Cal.Rptr.2d 82].)

Thus, it is apparent that the touchstone of employer liability under section 4558 is an act by the employer negating a safety feature (the point of operation guard) on the power press *when it was the manufacturer's communicated intent that the safety feature be used.*

Defendant's summary judgment motion negated this essential element of plaintiff's case. Shinohara did not design the press for attachment of a point of operation guard. Shinohara manufactured the press without a point of operation guard. Neither Shinohara's "Operation Manual" or "Operation Guide" made any reference to a point of operation guard. Shinohara never instructed defendant to install a point of operation guard. In sum, defendant established, through competent evidence, that it was not liable to plaintiff under section 4558.

Plaintiff's opposition to defendant's motion failed to raise a triable issue of material fact on that issue. Plaintiff merely established that Shinohara designed and manufactured the press so that it could be used in three different cycles and, in two of those cycles, use of the dual palm buttons was required. Relying upon case law which had concluded that dual palm buttons were point of operation guards within the meaning of section 4558 (*Bingham v. CTS Corp.* (1991) 231 Cal.App.3d 56 [282 Cal.Rptr. 161]), plaintiff urged that defendant's bypassing of the dual palm buttons through use of the automatic continuous cycle on the press raised a triable issue of fact of liability under section 4558. The trial court properly rejected this theory because plaintiff offered no evidence that Shinohara had warned of the danger posed by use of the automatic continuous cycle.

Liability under section 4558 can only be imposed if the employer fails to use or removes a safety device required by the manufacturer of the press. Essentially, the culpable conduct is the employer's ignoring of the manufacturer's safety directive. ▮▮ As we held in *Award Metals, Inc.* v. *Superior Court* (1991) 228 Cal.App.3d 1128, 1134 [279 Cal.Rptr. 459]: "From the plain language of section 4558, it is clear that an exception to the exclusivity of workers' compensation only arises for a power press injury where the employer has been expressly informed by the manufacturer that a point of operation guard is required, where the employer then affirmatively removes or fails to install such guard, and where the employer does so under conditions known by the employer to create a probability of serious injury or death." ▮▮ In the case at bench, defendant did no such thing. Defendant merely used the machine in one of the manners *intended* by the manufacturer when the manufacturer had never warned of the danger created by that use. Plaintiff's theory is nothing more than a veiled argument that either Shinohara should not have designed and manufactured the press so that the dual palm buttons could be bypassed or that defendant should have recognized the danger created by having plaintiff use the machine in *one* of the ways it was designed to be used and consequently should not have directed that use. Whatever the viability of either of those arguments—issues we need not and

do not address—those arguments simply do not provide a basis for liability under section 4558 absent a showing that Shinohara warned of the danger of bypassing the dual palm buttons through use of the continuous cycle.

Contrary to plaintiff's claim, nothing in *Bingham* v. *CTS Corp.*, *supra*, 231 Cal.App.3d 56 (*Bingham*), compels a contrary conclusion. The case involved review of a jury verdict in favor of an employee who alleged his employer had violated section 4558. The employee was injured while working on a power press equipped, inter alia, with dual palm buttons. The employer subsequently moved them away from the employee so the employee could not use them. (231 Cal.App.3d at pp. 60, 68.) In rejecting the employer's various claims of error, the appellate court concluded dual palm buttons fell within the definition of a point of operation guard as used in section 4558.[4] (231 Cal.App.3d at pp. 62-65.) We have no quarrel with that conclusion but it adds little to *this* case because plaintiff overlooks some of the other pertinent facts in *Bingham*. For instance, the safeguarding manual and the operation and maintenance manual were interpreted to *require* the use of dual palm buttons *whenever* the employee used the machine. (*Id.* at p. 67.) And it was established that the employer had deliberately moved the dual palm buttons away from the employee's grasp. (*Id.* at p. 68.) Based on those facts, the *Bingham* court found substantial evidence to uphold the jury's findings that the manufacturer of the press had conveyed to the employer the requirement of using dual palm buttons and that the employer had intentionally removed that safety device. These facts are singularly distinguishable from this case. Here, the manufacturer (Shinohara) *never* informed defendant that dual palm buttons should always be used; in fact, the manufacturer designed the press so their use could be bypassed in the continuous cycle and never warned of the danger of so doing. Consequently, defendant's direction to plaintiff that he utilize the continuous cycle cannot be equated with the *Bingham* defendant's actions of affirmatively dismantling a safety device whose required use was communicated to it by the manufacturer.

In sum, plaintiff failed to provide any evidence that Shinohara had informed defendant about the use of a point of operation guard. Consequently, there is no triable issue of fact as to plaintiff's ability to recover under section 4558. On the evidence presented, plaintiff is barred as a matter of law from bringing this action. The trial court properly granted summary judgment.

---

[4]In particular, the court concluded: "We find that the term guard, as used in section 4558, is meant to include the myriad apparatus which are available to accomplish the purpose of keeping the hands of workers outside the point of operation . . . ." (*Bingham*, *supra*, 231 Cal.App.3d at p. 65.)

## DISPOSITION

The judgment is affirmed.

Epstein, J., and Hastings, J., concurred.