[No. G020633. Fourth Dist., Div. Three. July 29, 1999.]

GLENDALE FEDERAL BANK, Plaintiff and Appellant, v.
NANCY HADDEN, as Trustee, etc., et al., Defendants and Respondents.

## COUNSEL

Howard Everakes & Associates, Stephen E. Traverse, Joel Dwork; and Jan T. Chilton for Plaintiff and Appellant.

Thomas G. Lumsdon for Defendants and Respondents.

## OPINION

**RYLAARSDAM, J.**—Plaintiff Glendale Federal Bank (Bank), the beneficiary of a deed of trust in a leasehold interest, apparently failed to obtain an agreement from the property owners permitting it to cure the tenants' default. When the tenants defaulted, defendants Nancy Hadden and the Nancy Hadden Trust (Landlords), the owners of the property, terminated the leasehold in an unlawful detainer action; they did not join Bank in the action. Thereafter, Bank sued for declaratory relief, seeking to establish that it maintained an "interest" in the now extinguished leasehold. Landlords successfully moved for summary judgment. Bank appeals, claiming that the trial court erred by finding: (1) it was not an indispensable party in the unlawful detainer action; (2) the municipal court had jurisdiction over the matter; and (3) its interest in the leasehold had been forfeited as a result of the unlawful detainer action. We reject Bank's contentions and affirm.

### FACTS

Landlords leased two triplex dwellings to Kenneth and Eleanor Koll. The lease was subsequently assigned to Phillip Richardson and Julie Richardson (Tenants). Bank loaned Tenants $332,500, and they in turn executed a promissory note and a deed of trust encumbering their leasehold in favor of Bank.

When Tenants were in default on their lease payments, Landlords sent Bank a copy of a letter addressed to Tenants informing them to pay rent or quit the premises. Shortly thereafter, without further notice to Bank, Landlords served Tenants with a 10-day notice to pay rent or quit. Tenants failed to pay the rent and Landlords commenced an unlawful detainer action against them in municipal court seeking possession of the property, $1,204 for past due rent, and a declaration that the lease was forfeited. Bank was neither named in nor notified of this suit. The court entered judgment for Landlords.

Subsequently, Bank wrote Landlords requesting it be permitted to cure the deficient payments. Landlords rejected Bank's offer; it sued Landlords,

seeking declaratory relief. Landlords successfully moved for summary judgment on grounds that the municipal court judgment terminated the leasehold interest.

## DISCUSSION

*Bank Was Not an Indispensable Party in the Unlawful Detainer Action*

■ Bank contends it had a property interest in the leasehold, which would be affected by the unlawful detainer action, and as a result it was an indispensable party in that action.

■ An unlawful detainer action is a limited proceeding designed to permit landlords to recover possession of real property from a tenant wrongfully in possession. (*Knowles* v. *Robinson* (1963) 60 Cal.2d 620, 625 [36 Cal.Rptr. 33, 387 P.2d 833].) In fact, possession is the fundamental issue in an unlawful detainer action and an action does not lie against a defendant who is not in possession of the premises at the commencement of the lawsuit. (*Briggs* v. *Electronic Memories & Magnetics Corp.* (1975) 53 Cal.App.3d 900, 906 [126 Cal.Rptr. 34].) "The summary character of the action would be defeated if, by cross-complaint or counterclaim, issues irrelevant to the right of immediate possession could be introduced." (*Knowles* v. *Robinson, supra,* 60 Cal.2d at p. 625.)

■ When Bank acquired its deed of trust it did so with notice of the provisions contained in the lease, including the clause providing for forfeiture in case of nonpayment. (*Barroilhet* v. *Battelle* (1857) 7 Cal. 450, 454.) By accepting a leasehold as collateral, a lender takes subject to all the terms of the lease; its collateral may become worthless if the lease terminates in accordance with its terms. (1 Ruda, Asset-Based Financing: A Transactional Guide (1999) § 8.03[4][a], pp. 8-25 to 8-26.) Here, Landlords were entitled to bring an unlawful detainer action when Tenants defaulted.

To protect itself against termination of the leasehold interest a lender must obtain a contractual right to receive notice of the tenant's defaults and to cure those defaults. (See 1 Ruda, Asset-Based Financing: A Transactional Guide, *supra,* § 8.03[4][a], p. 8-25.) A lender can protect itself from the lease's being terminated as a result of a default either by reaching a separate agreement with the landlord which permits it to cure any defaults or by obtaining an amendment to the lease which so provides. (*Id.* at p. 8-27; 1 Friedman on Leases (4thed. 1997) § 7.801, pp. 444, 449-452.) The normal lender-protective agreement includes provisions requiring the landlord to give notice to the lender of any defaults and providing time for the lender to

cure those defaults. (1 Ruda, Asset-Based Financing: A Transactional Guide, *supra*, § 8.03[4][a], pp. 8-26 to 8-27; 1 Friedman on Leases, *supra*, § 7.801, pp. 444, 449-452.) Alternatively, the lender may obtain an option for a new lease should the tenant's lease be terminated. (1 Friedman on Leases, *supra*, § 7.801, p. 451.)

The record fails to demonstrate Bank followed normal procedures by obtaining an agreement from Landlords granting it the right to cure defaults. Thus Bank failed to protect itself from the contingency that its borrowers might default on the lease. It now seeks to salvage its loan by asking us to impose duties on Landlords which the latter did not assume under the terms of the lease.

Under Code of Civil Procedure section 389, subdivision (a), clause (2) (all further statutory references will be to this code unless otherwise indicated), a plaintiff is required to join any person whose interest is such that "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (i) . . . impede his ability to protect that interest . . . ." Here, since Bank is not arguing it had possession of the property or a right to possess it, it was not an indispensable party in the unlawful detainer action. Moreover, failure to join Bank in the unlawful detainer action is irrelevant, because Bank had failed to acquire a right to cure the default. The lease was properly forfeited pursuant to its terms.

*Save Our Bay, Inc.* v. *San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686 [49 Cal.Rptr.2d 847], cited by Bank, is inapposite. There the "indispensable party" was negotiating the sale of a property with the defendant. In connection with the sale, draft escrow provisions were prepared which permitted the defendant to cancel escrow in case of any legal challenge. (*Id.* at pp. 690-692.) Subsequently, the plaintiff sued. (*Id.* at p. 691.) Since the escrow provisions permitted the cancellation of the sale, the property owner had a separate interest in seeing that the plaintiff's suit failed. (*Id.* at pp. 691-692.) Here, however, Bank's interest was dependent on the terms of the lease and nothing in the record indicates the unlawful detainer action could not be adjudicated without its presence.

*Bank's Interest After the Lease Was Terminated*

Bank also contends the municipal court did not have jurisdiction to determine its property rights. This may be so, but this fact does not determine what interest Bank retained after the municipal court's adjudication of the unlawful detainer case.

Bank relies on *Arietta* v. *Mahon* (1982) 31 Cal.3d 381 [182 Cal.Rptr. 770, 644 P.2d 1249] to support its claim the municipal court lacked jurisdiction to affect its rights. In *Arietta*, a marshal sought to enforce a writ of execution against the plaintiff, a tenant who was not joined in the unlawful detainer action. Our Supreme Court held that enforcing a writ to evict persons not named in the writ and whose claimed rights of possession predated commencement of the unlawful detainer action violated due process. (*Id.* at p. 389.)

In reaching its decision the court analyzed section 1164, which provides in part, "[n]o person other than the tenant . . . and subtenant, . . . in the actual occupation of the premises when the complaint is filed, need be made parties defendant in the proceeding . . . ." Bank derives great comfort from the court's statement that "[s]ection 1164 does not suggest, nor should it be read to suggest, that the rights of those who are not joined may be determined in their absence." (*Arietta* v. *Mahon, supra,* 31 Cal.3d at p. 392.) However, the *Arietta* court's language referred to the rights of parties who are in possession of the property and who may lose a right to possession as a result of an unlawful detainer action. (*Id.* at pp. 389, 392-393.) Here, Bank had acquired no rights under the terms of the lease.

Bank contends a lien resulting from the deed of trust attached to defendants' fee estate or to defendants' leasehold estate and therefore its interest has not been extinguished. The question of whether, absent a contractual right, a mortgagee of a leasehold has any rights in the leased property upon termination or forfeiture of the lease has not been directly addressed in California. Authority from other jurisdictions on this point is also sparse. However, the logic of the relationship between the parties compels the conclusion that proper termination of a leasehold also extinguishes the lien interest of a third party in that leasehold.

In a case similar to the one at bar, *Bowen* v. *Selby* (1921) 106 Neb. 166 [183 N.W. 93], the defendants leased their property to a tenant who mortgaged his leasehold to the plaintiffs. Subsequently, the tenant failed to pay the rent and he was ousted from the premises. The plaintiffs brought an action to foreclose on the mortgage. The court there held that the mortgage interest was coexistent with the leasehold interest; termination of the lease terminated the mortgage interest. (*Id.* at p. 94, citing *Boltinghouse* v. *Arnold* (Iowa 1919) 174 N.W. 563, 564.) In reaching this conclusion the *Bowen* court reasoned that a mortgagee who acquires a leasehold interest takes the mortgage with notice of all the covenants and pursuant to all the provisions in the lease. "It was [the mortgagees] duty . . . to see that those covenants were complied with and that the lease [was] saved from forfeiture." (*Bowen*

v. *Selby, supra,* 183 N.W. at p. 94.) Having failed to ensure that the provisions of the lease were followed, the repossession of the property by the defendants under the provisions of the lease terminated the plaintiffs' mortgage interest. (*Id.* at pp. 94-95.)

Similarly, and more recently, in *Southwest Village Water Co., Inc.* v. *Fleming* (Ala. 1983) 442 So.2d 89, a quiet title action was initiated against various defendants, including a tenant's mortgagee. The plaintiffs there argued that the termination of a lease in a bankruptcy proceeding extinguished all claims held by the mortgagee in the leasehold. The Alabama Supreme Court agreed in concluding that the forfeiture of a lease forfeits the rights of the lessee's mortgagee. (*Id.* at p. 92.) In reaching this decision the court analogized to a sublessee and stated that " '[t]he sublessee [or mortgagee] could stand in no higher position than the lessee from which its rights derived' [Citation.] Consequently, the forfeiture of the lessees' rights in the property necessarily resulted in the forfeiture of the sublessees' [or mortgagee's] rights. [Citation.]" (*Id.* at p. 91, italics omitted.)

Bank wants us to create a remedy to replace the rights it lost because of its failure to protect its interest by way of customary contractual agreements. If we accepted Bank's arguments, we would put it in a better position than it would have been under the terms of the deed of trust and of the lease. Had Bank foreclosed on the deed of trust it would be bound to the terms of the lease and subject to the lessor's rights in the property. Bank is requesting an interest without adhering to any responsibilities. Were we to grant Bank a remedy, we would be forcing Landlords to adhere to a contract they did not make. The law does not permit us to do so. (See Civ. Code, § 1550.)

*The Municipal Court Had Jurisdiction to Adjudicate the Unlawful Detainer Action*

Bank contends the municipal court did not have jurisdiction to adjudicate its interest in the leasehold because the value of its interest exceeded the jurisdictional limits of the municipal court. A municipal court has jurisdiction "[i]n all proceedings in forcible entry or . . . unlawful detainer where the whole amount of damages is twenty-five thousand dollars ($25,000) or less . . . ." (§ 86, former subd. (a)(4).) ■ A breach of a lease gives rise to contractual damages in accordance with the provisions of the lease, usually in the form of rents when the breach is for failure to pay rent. (*Fragomeno* v. *Insurance Co. of the West* (1989) 207 Cal.App.3d 822, 828 [255 Cal.Rptr. 111].) ■ Here, the rent was $1,204 per quarter, and Tenants had missed one payment. This amount of damages was within the municipal court's jurisdiction, therefore, Landlords were entitled to bring the

unlawful detainer claim in municipal court and it had the jurisdiction to adjudicate the matter. Although Bank's interest in the leasehold was $300,000, its interest did not survive the lease.

*Relief From Forfeiture*

Bank contends it is entitled to relief from forfeiture under section 1179 and under Civil Code section 3275.

Section 1179 provides that "[t]he Court may relieve a tenant against a forfeiture of a lease . . . in case of hardship . . . . The application may be made by a tenant . . . or a mortgagee of the term . . . ." The statute permits a mortgagee to seek relief on behalf of a tenant, however, nothing in the statute permits the mortgagee to request relief on its own behalf.

In *366-388 Geary St., L.P.* v. *Superior Court* (1990) 219 Cal.App.3d 1186 [268 Cal.Rptr. 678], where a mortgagee attempted to obtain relief from a lease forfeiture the court stated, ". . . section 1179 provides a means by which a tenant can be restored to its former estate. However, . . . mortgagees of the lessee . . . are not tenants seeking to be restored to a leasehold estate they lost through forfeiture. [Mortgagees] do not seek to have [the tenant] restored to its former leasehold. Instead, they seek to put themselves in possession based on their former security interest in the lease. Nothing in the statute authorizes such relief." (*Id.* at pp. 1198-1199.) Bank does not request that Tenants' lease be restored, but rather it seeks to have its security interest reinstated. "To permit section 1179 relief under the facts of the present case would be to ignore the section's express terms and effectively rewrite the statute." (*Id.* at p. 1199.)

Bank also requests relief from forfeiture pursuant to Civil Code section 3275. Under section 3275 "[w]henever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation . . . ." By the terms of the statute an obligation must exist between the parties to be entitled to relief from forfeiture. (*Ibid.*) Here nothing in the record indicates Landlords assumed any duties toward Bank. In effect Bank seems to request we burden Landlords with a $300,000 secured debt without Landlords ever having consented to such a burden. The deed of trust creates an obligation owed by Tenants to Bank, however, Bank cites to no authority that permits such an obligation be construed as binding on third parties who are not part of that agreement.

The burden is on the lender to assure itself that the lease would not be terminated and that the rights of the tenant/debtor would not be dissipated

without its consent. (1 Ruda, Asset-Based Financing: A Transactional Guide, *supra*, § 8.03[4][a], p. 8-26.) Bank failed to protect its rights; we cannot solve its problems by creating a remedy out of thin air.

*Additional Issues on Appeal*

Having reached our decision on an independent basis, we need not address Landlords' contentions that merger of title resulted in the extinguishment of the lien. Bank's opening brief raises several issues not raised in the trial court. ■ Appellate review is limited to the issues presented to the trial court. (*Aguilera* v. *Henry Soss & Co.* (1996) 42 Cal.App.4th 1724, 1728 [50 Cal.Rptr.2d 477].) We therefore disregard these new contentions.

## DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal.

Sills, P. J., and Crosby, J., concurred.