Filed 3/17/16  Windsor Properties v. JPMorgan Chase Bank CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| WINDSOR PROPERTIES, INC., | B261709 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC121468) |
| v. | |
| JPMORGAN CHASE BANK, N.A., et al., | |
| Defendants and Respondents. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Richard A. Stone, Judge.  Reversed.

Nass Law Firm, Edmond Nassirzadeh and Justin R. Felton for Plaintiff and Appellant.

Locke Lord, Conrad V. Sison and Daniel A. Solitro for Defendants and Respondents.

\* \* \* \* \* \* \* \* \* \*

This is an appeal from the sustaining of a demurrer without leave to amend. Plaintiff Windsor Properties, Inc., sued defendants JPMorgan Chase Bank N.A. (Chase), Quality Loan Service Corporation, and Select Portfolio Servicing, Inc., alleging causes of action for declaratory relief, slander of title, and cancellation of instruments.

The lawsuit concerns a residential unit in a stock cooperative building in Santa Monica, California. Residential stock cooperatives are commonplace in New York but not in California. Plaintiff holds a stock certificate and leasehold interest in the property issued by Ocean Towers Housing Corporation (Ocean Towers), the owner of the building. Plaintiff purchased its interest in the property from Ocean Towers after Ocean Towers terminated the previous owner's lease through an unlawful detainer action. Plaintiff contends it acquired the property free and clear of any liens, on the theory that Chase's secured interest in the unit was extinguished by the unlawful detainer judgment. Defendants demurred, and the court found as a matter of law that Chase's first priority lien was not extinguished by the unlawful detainer judgment. We reverse.

## BACKGROUND

The following facts are taken from the complaint and from defendants' request for judicial notice, which was granted by the trial court: Ocean Towers owns real property located at 201 Ocean Avenue, in Santa Monica, California. The Ocean Avenue property is a stock cooperative building. Ocean Towers issues shares and proprietary leases to shareholders/tenants, permitting them to occupy particular units within the building. The proprietary leases require the shareholders/tenants to pay monthly rent and maintenance payments to Ocean Towers.

On December 15, 1992, Richard Housman became a shareholder and tenant of unit 1905P. Ocean Towers had a secured interest in the lease and share certificate, secured by a deed of trust, recorded on December 15, 1992. Among other remedies, Ocean Towers' deed of trust expressly gave it the right to pursue an unlawful detainer action in the event of Mr. Housman's default in the payment of rent and maintenance expenses.

2

On July 12, 2005, Mr. Housman obtained a loan which was secured by the lease, shares, and improvements to the unit in favor of Chase's predecessor in interest, Metrocities Mortgage, LLC (Metrocities). Mr. Housman, Metrocities, Ocean Towers, and Union Bank entered into a Recognition Agreement, by which Ocean Towers acknowledged its security interest was subordinate to Metrocities' first position. The Recognition Agreement defined the stock certificate and lease, in which Metrocities had a first priority secured interest, collectively as the "proprietary documents."

The Recognition Agreement provides in the recitals that Metrocities agreed to make a loan to Mr. Housman if Ocean Towers agreed that its interest in Mr. Housman's leasehold estate and stock certificate were subordinate to Metrocities' first priority interest in those documents, to be secured by a deed of trust. Ocean Towers represented and warranted for the benefit of Metrocities (and acknowledged that Metrocities relied on this representation and warranty) that Ocean Towers consented to Metrocities having a first priority interest in the proprietary documents, and that Ocean Towers had a second priority interest in the proprietary documents, subordinate to that of Metrocities.

The Recognition Agreement provides the following obligations of Ocean Towers and Metrocities in the event of Mr. Housman's default under the proprietary documents: "[Ocean Towers] will forbear from exercising its immediate right to terminate Borrower's interest in the Unit for thirty (30) calendar days following Lender's receipt of the applicable default notice (the 'Cure Period'); and . . . [¶] Lender must either: [¶] Cure the default within the Cure Period, or if the default is not curable in the Cure Period, commence the cure during the Cure Period, and diligently pursue the cure to completion, provided that the acceptance of such actions as a complete cure shall be in the sole and absolute discretion of [Ocean Towers]; or [¶] Notwithstanding that Borrower may also be in default under the Loan, forebear from any action to enforce its remedies under the Loan so long as [Ocean Towers] is pursuing any of its remedies under the Proprietary Documents, the Operative Documents, and the Second Deed of Trust. If [Ocean Towers] exercises its power of sale under the Second Deed of Trust, Lender acknowledges that its security interest in the Lease and the Shares will be terminated concurrently with the sale,

3

provided that Lender is paid an amount equal to the full unpaid amount due under the Loan as of the date hereof."

Mr. Housman defaulted on his loan to Metrocities, and defendants caused a notice of default and election to sell to be recorded in February 2010. But defendants did not actually conduct a trustee's sale and took no further action at that time.

Mr. Housman also defaulted on his rent and maintenance payments to Ocean Towers. On November 4, 2011, Ocean Towers gave a three-day notice to pay rent or quit. Ocean Towers sent a copy of the three-day notice to defendant Quality Loan Service Corporation, the trustee under the Metrocities deed of trust, along with a letter stating the amount due to cure the default, and further advising "[i]f the default is not cured, [Ocean Towers] will pursue its rights and remedies which may include, without limitation, the termination and forfeiture of the Lease which secures your deed of trust." On August 27, 2012, Ocean Towers filed its unlawful detainer action. Judgment was entered in favor of Ocean Towers on September 20, 2012, forfeiting the lease.

Ocean Towers then sold the unit to plaintiff on October 2, 2012. Plaintiff entered into a new "Memorandum of Proprietary Lease" with Ocean Towers on October 1, 2012.

On October 9, 2012, counsel for Ocean Towers sent a letter to defendant Quality Loan Service Corporation informing it of the unlawful detainer judgment, stating its view that Chase's loan was now unsecured, and demanding reconveyance of the 2005 deed of trust in favor of Chase's predecessor, Metrocities. On July 17, 2013, Chase gave notice that it was transferring servicing of the mortgage loan to defendant Select Portfolio Servicing, Inc. It did not reconvey the deed of trust.

Plaintiff alleges in this action that the forfeiture of Mr. Housman's lease also extinguished Mr. Housman's stock certificate, and that because the lease and stock served as collateral for Chase's loan, "Chase Bank's security interest in the Property was extinguished by operation of law, and Chase Bank no longer had any right to exercise a power of sale, and any and all obligations in favor of Chase Bank with respect to the property became unsecured."

4

Defendants demurred to all of plaintiff's causes of action, on the ground that none of the claims had any merit because they were all based on the erroneous legal conclusion that Chase's security interest was extinguished by Ocean Towers' unlawful detainer judgment against Mr. Housman. The trial court requested further briefing on the applicable law and statutes relating to stock cooperatives.

Plaintiff's supplemental brief argued that it stated a valid claim for declaratory relief, and that leave to amend should be granted to include a claim for quiet title. Plaintiff lodged a proposed first amended verified complaint which stated a single cause of action for quiet title.

The trial court sustained the demurrer without leave to amend, concluding that under the Recognition Agreement, Ocean Towers "expressly subordinated its security interest to Metrocities' security interest" and that Metrocities' "shares could only be extinguished if the loan was fully repaid." This timely appeal followed the trial court's judgment of dismissal.

## DISCUSSION

A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1491.) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank*, *supra*, at p. 318.)

A stock cooperative is a type of common interest development. (Civ. Code, Former § 1351, subd. (c)(4), added by Stats. 1985, ch. 874, § 14 and repealed by Stats. 2012, ch. 180, § 1, eff. Jan. 1, 2013, op. Jan. 1, 2014 [enacting Civ. Code, § 4100, subd. (d)].) It is defined by former Civil Code section 1351, subdivision (m) (now

section 4190, subd. (a)) as "a development in which a corporation is formed or availed of, primarily for the purpose of holding title to, either in fee simple or for a term of years, improved real property, and all or substantially all of the shareholders of the corporation receive a right of exclusive occupancy in a portion of the real property, title to which is held by the corporation. "

"The owners' interest in the corporation, whether evidenced by a share of stock, a certificate of membership, or otherwise, shall be deemed to be an interest in a common interest development and a real estate development for purposes of subdivision (f) of Section 25100 of the Corporations Code." (Civ. Code, former § 1351, subd. (m).) A "separate interest" in a stock cooperative means "the exclusive right to occupy a portion of the real property." (Civ. Code, former § 1351, subd. (*l*)(4) [now Civ. Code, § 4185, subd. (a)(4)].) "Both the separate interest . . . and the correlative interest in the stock cooperative corporation, however designated, are interests in real property." (Civ. Code, § 783.1.)

Former Civil Code section 1358, subdivision (d) provided: "In a stock cooperative, any conveyance, judicial sale, or other voluntary or involuntary transfer of the separate interest includes the ownership interest of the corporation, however evidenced. Any conveyance, judicial sale, or other voluntary or involuntary transfer of the owner's entire estate also includes the owner's membership interest in the association." (Former § 1358, subd. (d) [now Civ. Code, § 4640].) As such, a lease and its associated stock interest are indivisible, and an occupant of a unit in a stock cooperative who loses his leasehold interest also loses his stock ownership. (See *ibid*.)

Plaintiff contends that the complaint validly stated a cause of action for declaratory relief, and that it could have been amended to state a valid cause of action for quiet title. Plaintiff does not argue in its opening brief that its claims for slander of title or cancellation of instruments were properly pled. As such, any claim of error as to these causes of action has been forfeited. (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99; see *Yee v. Cheung* (2013) 220 Cal.App.4th 184, 193, fn. 6 [failure to address all

6

causes of action subject to demurrer forfeits any claim of error concerning causes of action not raised on appeal].)[1]

A claim for declaratory relief is available when "[a]person interested under a written instrument . . . desires a declaration of his or her rights or duties . . . over or upon property . . . in cases of actual controversy relating to the legal rights and duties of the respective parties." (Code Civ. Proc., § 1060.)

A quiet title claim seeks a "determination of the title of the plaintiff against . . . adverse claims." (Code Civ. Proc., § 761.020, subd. (e); *Gerhard v. Stephens* (1968) 68 Cal.2d 864, 918 [a quiet title action requires that "plaintiff must prove a title in himself superior to that of defendant."].)

There is no dispute between the parties whether the lien of Metrocities is senior to Ocean Towers' lien under the Recognition Agreement. Therefore, the trial court erred in finding, "The main issue presented here is whether Metrocities' 2005 security interest was senior or junior to [Ocean Towers'] proprietary lease in the property." Plaintiff does not dispute the priority of Metrocities' lien. Rather, plaintiff contends that Metrocities' lien was extinguished, even though Ocean Towers did not repay the amount due under Mr. Housman's loan, because Metrocities failed to protect its rights under the Recognition Agreement.

Plaintiff alleges that Ocean Towers gave defendants notice of Mr. Housman's default in payment of rent and other amounts due to Ocean Towers. Plaintiff contends that Metrocities had the right to cure Mr. Housman's default within the cure period to protect its secured interest. Plaintiff alleges that Metrocities' failure to cure the default triggered Ocean Towers' right to seek termination of Mr. Housman's interest in the unit. Plaintiff acknowledges that Ocean Towers could have foreclosed on its deed of trust on

---

[1] For the first time in its reply brief, plaintiff attempts to argue these claims are properly stated. New issues raised for the first time in the reply brief need not be considered in the absence of good cause. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

the unit (in which case Ocean Towers would be obligated to pay the amount due to Metrocities), but alleges that Ocean Towers had the right instead to obtain an unlawful detainer judgment.

The Recognition Agreement does not address the rights of the parties in the event Ocean Towers obtained an unlawful detainer judgment. Therefore, plaintiff argues that, "Chase's lien under the Recognition Agreement was, at best, unclear. . . . [U]nder the terms of the Recognition Agreement, . . . Chase . . . lost its security interest in the collateral (which had been terminated) or at least completely lost any right to claim the superiority of its lien on the Unit." One California case has held that a shareholder-tenant in a stock cooperative is a tenant subject to eviction, and that a stock cooperative that obtains an unlawful detainer judgment in its favor may then be free to sell, lease, or rent the premises to another party. (*Sun Terrace Manor v. Municipal Court* (1973) 33 Cal.App.3d 739, 743-744.)

Defendants cite a New York decision for the proposition that an owner of a stock cooperative may not extinguish a lender's security interest in the stock certificate and appurtenant proprietary lease of the owner of a unit in default under the lease by cancelling the shares and lease and reselling the unit without applying the proceeds to payment of the indebtedness to the lender. (*United Orient Bank v. Green* (S.D.N.Y. 1997) 215 B.R. 916, 923-925.) The trial court also cited *Green* as support for its finding that "Under the Recognition Agreement, Metrocities' shares could only be extinguished if the loan was fully repaid by Housman." But in *Green*, the court's analysis rested on the finding that the Recognition Agreement in that case barred the coop owners from terminating the leases or canceling the shares absent prior notice to the lenders who held security interests in the leases and shares, and that notice was not given. (*Id.* at p. 924.) Here, plaintiff specifically alleges that notice was given in conformance with the provisions of the Recognition Agreement, so *Green* does not establish any rule of law that determines the rights of the parties in this lawsuit.

Both parties rely on *Glendale Federal Bank v. Hadden* (1999) 73 Cal.App.4th 1150. In *Glendale Federal*, the bank held a deed of trust in a leasehold interest but did

8

not have any contract with the landlord obligating the landlord to give the bank notice of the tenants' default and an opportunity to cure. Thus, the bank "failed to protect itself from the contingency that its borrowers might default on the lease." (*Id.* at p. 1154.) When the tenants defaulted in payment of rent and the landlord obtained an unlawful detainer judgment, the court found the bank had forfeited its interest in the lease. The *Glendale Federal* court explained the bank could have avoided this consequence. "A lender can protect itself from the lease's being terminated as a result of a default either by reaching a separate agreement with the landlord which permits it to cure any defaults or by obtaining an amendment to the lease which so provides. [Citation.] The normal lender-protective agreement includes provisions requiring the landlord to give notice to the lender of any defaults and providing time for the lender to cure those defaults. [Citation.]" (*Ibid.*)

Here, plaintiff alleges defendants took steps to protect their interests by entering into various agreements with Ocean Towers but then failed to exercise their right to cure Mr. Housman's default. Plaintiff alleges the unlawful detainer judgment extinguished not only Mr. Housman's leasehold interest but also the associated stock interest, since the two are indivisible, and Metrocities thereby lost the collateral that secured the loan to Mr. Housman. Plaintiff seeks a declaration of its unencumbered right to the lease and stock certificate it acquired from Ocean Towers after Ocean Towers terminated Mr. Housman's lease and associated stock interest, as a consequence of which Metrocities lost its security interest. We express no opinion whether plaintiff may prove its claims, but plaintiff has stated a cause of action for declaratory relief and may amend to add a cause of action for quiet title.

## DISPOSITION

The judgment sustaining the demurrer to the declaratory relief cause of action is reversed, as is the order denying appellant leave to amend to add a cause of action for quiet title. Appellant is to recover its costs on appeal.

                                                            GRIMES, J.
          WE CONCUR:
                              BIGELOW, P. J.                                    RUBIN, J

9